**FILED**

OCT 29 2008

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gary Aguirre,<br>1528 Corcoran Street, N.W.<br>Washington, D.C. 20009,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Securities and Exchange<br>Commission, 100 F Street N.E.,<br>Washington, DC 20549,<br><br>　　　　Defendant. | Case: 1:08-cv-01872<br>Assigned To : Huvelle, Ellen S.<br>Assign. Date : 10/29/2008<br>Description: FOIA/Privacy Act |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and Privacy Act of 1974, 5 U.S.C. § 552a, to compel Defendant United States Securities and Exchange Commission ("SEC") to produce, provide access to, and make available certain records specified below that were requested by Plaintiff Gary Aguirre and that pertain to him.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g).

## PARTIES

3. Plaintiff is a citizen of the United States and a former employee of Defendant SEC.

4. Defendant is an agency of the United States Government and has possession and control of the records that are the subject of this action.

**PUBLIC INTEREST**

5. The facts underlying this complaint raise an issue of the highest public interest. The SEC has been *entrusted* with the power and duty of "great social and economic significance to the American people." Section 200.53 of Title 17 of the United States Code of Federal Regulations spells out that trust:

> Members of the Securities and Exchange Commission are entrusted by various enactments of the Congress with powers and duties of great social and economic significance to the American people. It is their task to regulate varied aspects of the American economy, within the limits prescribed by Congress, to insure that our private enterprise system serves the welfare of all citizens. Their success in this endeavor is a bulwark against possible abuses and injustice which, if left unchecked, might jeopardize the strength of our economic institutions.

6. Few principles are more deeply engrained in Title 17 of the Code of Federal Regulations, which governs how the SEC must execute its powers and duties, than the mandates obligating the SEC to handle all of its affairs, including the enforcement of the securities laws, with impartiality. In short, Justice must remain blindfolded. No conduct would stray farther from those mandates than a double set of laws: one for the politically well connected and another for everyone else. Through this complaint, Plaintiff seeks SEC records that will demonstrate that the most senior SEC officials violated these mandates by giving favored, special and thus unlawful treatment to an individual, who has powerful

political connections and influence, in an SEC investigation of significant importance to the nation's capital markets.

7. That the records sought involve a matter of the highest public interest is confirmed by recent events. Two committees of the United States Senate and the SEC's Office of the Inspector General have issued reports relating to the subject of this action. This matter is also the subject of significant media attention nationally and internationally.

## FACTUAL BACKGROUND

8. Plaintiff was employed by Defendant SEC as a Senior Counsel in the Division of Enforcement ("Enforcement") from September 7, 2004, through September 2, 2005.

9. Plaintiff filed an action in this court on July 14, 2006, *Aguirre v. SEC*, Case No. 1:06CV01260 (*Aguirre v. SEC I*), seeking records relating to the SEC's decision to terminate plaintiff's employment and relating to the investigation plaintiff was heading when his employment with the SEC was terminated.

10. The court's order of April 28, 2008, the court's subsequent orders, and the pending proceedings in *Aguirre v. SEC I* deal with records created by the SEC through August 30, 2006.

11. The SEC's Office of the Inspector General (OIG) did not complete its investigation in its Case No. OIG-431 (Re-Investigation of Claims by Gary Aguirre of Improper Preferential Treatment and Retaliatory Termination) until September 30, 2008. The OIG "reinvestigation" of plaintiff's allegations regarding his discharge continued for more than two years after the cutoff date set by the court in *Aguirre v. SEC I*.

12. The SEC previously asserted Exemption 7(A) in refusing to release any records relating to the OIG's "reinvestigation" of plaintiff's allegations. The SEC informed the court in

3

*Aguirre v. SEC I* that it would withdraw Exemption 7(A) in relation to the OIG's "reinvestigation" of plaintiff's allegations when the OIG completed that investigation. In this regard, the SEC stated, "Exemption 7(A)'s protection is temporary; once enforcement proceedings are "either concluded or abandoned, exemption 7(A) will no longer apply."[1] The SEC continued its explanation in a footnote: [A] Vaughn index of those documents is not necessary because this Court's decisions about the categories currently at issue here will apply to the documents from the OIG investigation, which concern the same facts and circumstances as the documents already at issue in this case. ... [2]

13. This court has overruled the SEC's reliance on Exemptions 3, 4, 6, and 7(C) in withholding law enforcement and other records in *Aguirre v. SEC I*. These holdings bar the SEC from asserting the same exemptions to withhold the same classes of records in this case as it did in *Aguirre v. SEC I* under the principles of collateral estoppel and *res judicata*.

## THE FOIA/PRIVACY ACT REQUESTS

14. By letter of May 27, 2008, pursuant to the applicable provisions of FOIA and the Privacy Act, Plaintiff requested access to and copies of certain documents, records and files. The scope of Plaintiff's request for purposes of this action has been narrowed to records relating to the following portions of this request:

3) All documents, records, files and writings relating to, mentioning, concerning or prepared in connection with any inquiry, investigation or other activity by the SEC's Office of General Counsel (OGC), or any staff member within the OGC, of Gary Aguirre, as described in the email of David Wilson (SEC Bates stamp AGUIRRE 001936), dated July 6, 2006, with the, as follows: "Office of General Counsel, which

---

[1] See Memorandum of the Securities and Exchange Commission in Support Of Motion For Summary Judgment, dated October 1, 2007, filed in SEC v. Aguirre I, p. 22.
[2] *Id.*, footnote 16,

4

launched an investigation of its user, Gary Aguirre, prior to his departure in September 2005."

4) All documents, records, files, and writings prepared by or received by the SEC's Office of the Inspector General (OIG), after January 1, 2006, concerning or relating to its investigation of the SEC's decision to terminate the employment of Gary J. Aguirre, including all records in OIG Case 431, which was reopened during 2006.

5) All documents, records, files, and writings prepared by or received by the [OIG], after January 1, 2006, concerning or relating its investigation of the allegations of Gary J. Aguirre that the SEC gave preferential treatment to John Mack, as stated in Aguirre's letter of September 2, 2005.

6) All documents, records, files, and writings prepared by or received by the [OIG], concerning or relating its investigation of the allegations contained in the December 11, 2005, letter of Gary J. Aguirre to H. David Kotz, Esq., Inspector General of the Securities and Exchange Commission, relating to Possible Staff Violations of 18 U.S.C. §1001 during Investigation of OIG-431.

8) All records maintained by the SEC pursuant to 5 USC 552a(c) relating to any disclosure of information contained in Aguirre's Employee Personnel File, Aguirre's Official Personnel File, or any other record pertaining to Aguirre

15. Plaintiff is informed and believes, and thereon alleges, that Defendant SEC maintains all records described in paragraph 14 in one or more systems of records.

16. In response to plaintiff's May 27, 2008, request for records, as alleged in paragraph 8 above, Defendant SEC replied in its letter June 26, 2008, as follows: "Please be advised, we are consulting with other Commission staff regarding the requested information. We

will advise you of our findings as soon as we receive a response." Other than said letter, Defendant SEC has provided Plaintiff no further response to his request of May 27, 2008.

### PLAINTIFF'S CLAIM FOR RELIEF: VIOLATIONS OF FOIA

1. Plaintiff realleges and incorporates by reference all preceding paragraphs.

2. Plaintiff is entitled by law to access the records requested under FOIA.

3. Defendant SEC is in violation of FOIA, 5 U.S.C. § 552, by failing to fully and lawfully release to plaintiff the records described in paragraphs 3 through 6 and 8 of plaintiff's May 27, 2008, request for the records as specified in paragraph 14 above.

### PLAINTIFF'S CLAIM FOR RELIEF: VIOLATIONS OF THE PRIVACY ACT

4. Plaintiff realleges and incorporates by reference all preceding paragraphs.

5. Plaintiff is entitled by law to access the records requested under the Privacy Act, 5 U.S.C. § 552a.

6. Defendant SEC is in violation of the Privacy Act, 5 U.S.C. § 552a, by failing to fully and lawfully release to plaintiff the records described in paragraphs 3 through 6 and 8 of plaintiff's May 27, 2008, request for the records as specified in paragraph 14 above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Order Defendant SEC to immediately search for and release all records responsive to paragraphs 3 through 6 and 8 of plaintiff's May 27, 2008, request for the records as specified in paragraph 14 above.

B. Declare that Defendant SEC has violated the FOIA and the Privacy Act by failing to satisfy Plaintiff's May 27, 2008, request for the records as specified in paragraph 14 above;

E. Grant such other and further relief as the court may deem just and proper.

Respectfully Submitted,

Dated: October 28, 2008

                                        Gary J. Aguirre
                                        *Pro Se*
                                        2500 Sixth Avenue, Unit 608
                                        San Diego, CA 92103
                                        619-677-3334